**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-6561**
_____

CARLOS WOODS,

                    Petitioner - Appellant,

        v.

UNITED STATES OF AMERICA,

                    Respondent - Appellee.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore.   William D. Quarles, Jr., District Judge.  (1:12-cv-00649-WDQ)

_____

Submitted:  July 19, 2012              Decided:  July 23, 2012

_____

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

_____

Dismissed in part; affirmed in part by unpublished per curiam opinion.

_____

Carlos Woods, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Woods filed a petition for a writ of audita querela in the district court, pursuant to the All Writs Act, 28 U.S.C. § 1651 (2006), seeking to challenge his convictions on two counts of possession with the intent to distribute controlled substances. The district court treated the petition as both a 28 U.S.C.A. § 2255 (West Supp. 2012) motion and a petition for a writ of audita querela and issued an order dismissing the petition on the basis that the § 2255 motion was successive and Woods had not demonstrated entitlement to the extraordinary remedy of a writ of audita querela. Woods now appeals. We dismiss in part and affirm in part.

The portion of the district court's order treating Woods' petition as a successive § 2255 motion and dismissing it on that basis is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38

2

(2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. We have independently reviewed the record and conclude that Woods has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss this portion of the appeal.

Additionally, we construe Woods' notice of appeal and informal brief as an application to file a second or successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C.A. § 2255(h). Woods' claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

3

With respect to the portion of the district court's order denying relief on the merits on Woods' petition for a writ of audita querela, we confine our review on appeal to the issues raised in the Appellant's brief. See 4th Cir. R. 34(b). Because Woods' informal brief does not challenge the basis for the district court's disposition, Woods has forfeited appellate review of the court's order. Accordingly, we grant leave to proceed in forma pauperis and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
